UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff<br><br>v.<br><br>Arturo Sigala-Salazar,<br><br>  Defendant | Case No.: 2:19-cr-00296-JAD-EJY<br><br>**Order Denying Motion<br>for Compassionate Release and Granting<br>Motion to Seal**<br><br>[ECF No. 92] |

Arturo Sigala-Salazar[1] is 36 months into a 57-month sentence for possession of child pornography.[2] He moves for compassionate release because he suffers from several health conditions that put him at a higher risk of serious illness if he contracts COVID-19.[3] Sigala-Salazar also contends that the § 3553 factors weigh in his favor because he will be deported to Mexico upon his release and thus presents no risk to the public.[4] And though he does not explicitly move for such relief, Sigala-Salazar also includes a request that the court seal two exhibits that he submits in support of his motion. I grant that relief because there is good cause to seal the records contained in those exhibits. But I deny his motion for compassionate release because Sigala-Salazar has refused to vaccinate himself against COVID-19, and the § 3553 factors do not favor his release.

---

[1] Though all prior briefings have consistently used "Sigala-Salazar," the defendant spells his surname "Sigala-Salazer" in this motion. ECF No. 92. In this order I use "Sigala-Salazar" for continuity.

[2] *See* ECF No. 68.

[3] ECF No. 92-1 at 4 (Sigala-Salazar's inmate-appraisal hypertension diagnosis), 23 (showing Sigala-Salazar's height and weight at 5'10" and 230 lbs., which he argues makes him obese, ECF No. 92-1 at 3).

[4] ECF No. 92 at 5, 35.

**Discussion**

Ordinarily, a district court cannot modify or reduce a sentence already imposed.[5] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, is an exception to that limitation.[6] It allows a sentencing judge to grant compassionate release after considering "the factors set forth in [§] 3553(a) to the extent they are applicable" if "extraordinary and compelling reasons warrant such a reduction."[7]

**I.     Sigala-Salazar has not presented extraordinary and compelling reasons for release.**

Sigala-Salazar's main contention is that his health conditions put him at increased risk of serious illness in the event that he contracts COVID-19.[8] The government argues that Sigala-Salazar cannot claim that COVID-19-related complications present extraordinary and compelling reasons because he has refused to be vaccinated against COVID-19.[9]

Although the compassionate-release statute does not define "extraordinary and compelling circumstances," the United States Sentencing Commission provides examples of circumstances it deems extraordinary and compelling, such as "terminal illness" or physical conditions "that substantially diminish[] the ability of the defendant to provide self-care."[10] Sigala-Salazar does not have a terminal illness; rather he suffers from conditions that put him at greater risk of serious illness should he contract COVID-19—risks that would be greatly reduced

---

[5] 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2020).
[6] The First Step Act of 2018, §603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).
[7] 18 U.S.C. § 3582(c)(1)(A)(i).
[8] ECF No. 92 at 1.
[9] ECF No. 95 at 6.
[10] U.S.S.G. 1B1.13(1)(A), comment, n.1.

if he were vaccinated.[11]  Courts in this district and around the country have consistently found that an inmate's refusal of the COVID-19 inoculation weighs against finding health-related risk factors as extraordinary and compelling reasons that warrant compassionate release.[12]  When Sigala-Salazar has refused this readily available means of protecting his health, I cannot conclude that he has shown extraordinary and compelling reasons for his release.

## II. The § 3553(a) factors weigh against Sigala-Salazar's release.

Even if Sigala-Salazar's health conditions presented extraordinary and compelling reasons, I would still deny his motion because the § 3553(a) factors do not warrant a reduction of his sentence.  Sigala-Salazar contends that ending his sentence early poses no risk to the community because he will be deported to Mexico upon release.[13]  But his argument is strongly negated by the fact that, after he was originally charged, he was released and deported in 2017 before later re-entering the country, where he was arrested, re-charged, and convicted.[14]  Sigala-Salazar gives no reason for the court to believe that he will not re-enter the country if he is deported again, and he would thus pose a risk to the community if he were released.

---

[11] *See* Pragna Patel, et al., *Information for Persons Who Are Immunocompromised Regarding Prevention and Treatment of SARS-CoV-2 Infection in the Context of Currently Circulating Omicron Sublineages — United States, January 2023*, CDC (Jan. 27, 2023), https://www.cdc.gov/mmwr/volumes/72/wr/mm7205e3.htm?s_cid=mm7205e3_x#suggestedcitation ("COVID-19 vaccination remains the most effective way to prevent SARS-CoV-2-associated serious illness, hospitalization, and death.").

[12] *E.g.*, *United States v. Anderson*, 2022 WL 2828783, at *1 (9th Cir. July 20, 2022) (unpublished) (affirming a district court's denial of compassionate release for an inmate who refused to be vaccinated against COVID-19); *United States v. Granderson*, 2022 WL 1224924, at *3 (D. Nev. Apr. 26, 2022) ("Granderson refuses to take the vaccine and that decision further weighs against a finding of extraordinary and compelling circumstances."); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843 (D. Ariz. 2021) ("Judges of this [c]ourt, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.").

[13] ECF No. 92 at 35.

[14] *See* ECF No. 95 at 2 (citing ECF No. 9 in Case No. 2:17-cr-0349-KJD-PAL).

3

Even if his impending deportation did support a finding that his release presents no danger to the community, that is only one of the § 3553(a) factors. Sigala-Salazar's child-pornography offense was unquestionably serious, which weighs heavily against his early release. Plus, he already received lenity in his sentence as I varied below the Sentencing Guidelines range of 87-108 months and imposed a sentence of 57 months.[15] The fact that he already received such a benefit further weighs against cutting his sentence any shorter. And Sigala-Salazar points to no other reason why the § 3553(a) factors weigh in his favor.

### III. The court seals the medical records in Exhibits B and C.

I also note that Sigala-Salazar requests that the court "seal his medical records [in Exhibit B] and the items include[d] in Exhibit 'C'" because they include confidential information.[16] Because those exhibits include his private, protected medical and educational information, I find good cause to seal those two exhibits and do so.

### Conclusion

Because Sigala-Salazar provides no extraordinary and compelling reasons warranting compassionate release, and because the § 3553(a) factors weigh against his release, **IT IS THEREFORE ORDERED that Defendant Arturo Sigala-Salazar's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 92] is DENIED.**

---

[15] *See* ECF No. 68 at 2.

[16] ECF No. 92 at 5.

1      IT IS FURTHER ORDERED that **Sigala-Salazar's request to seal Exhibits B and C**

2 **submitted in support of his compassionate-release motion [ECF No. 92-1] is GRANTED**.

3 The Clerk of Court is directed to seal Exhibits B and C.

                                                                      _____

                                                            U.S. District Judge Jennifer A. Dorsey
                                                                                     June 9, 2023